# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| **TELLABS BROADBAND LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**ACUATIVE CORPORATION,**<br><br>Defendant. | Civil Action No. 3:17-cv-3431-G<br><br>**JURY TRIAL REQUESTED** |

### PLAINTIFF'S FIRST AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT

Plaintiff Tellabs Broadband LLC ("Tellabs") files this amended Complaint for copyright infringement under 17 U.S.C. § 501 against Acuative Corporation ("Acuative"), and alleges as follows:

### NATURE OF THE ACTION

1.  This is an action for copyright infringement. Acuative has infringed Tellabs' copyrighted software by making unauthorized copies as set forth below.

### PARTIES

2.  Plaintiff Tellabs is a limited liability company organized and existing under the laws of the State of Delaware, and maintains its principal place of business at 18583 Dallas Parkway, Suite 200, Dallas, TX 75287.

3.  On information and belief, Acuative is a corporation organized and existing under the laws of the State of New Jersey, and maintains its principal place of business at 30 Two Bridges Road, Suite 240, Fairfield, NJ 07004 USA. Acuative also maintains a Research and Development facility at 2830 Market Loop Suite 104, Southlake, TX 76092 and may be served with process through its registered agent at that location.

**JURISDICTION AND VENUE**

4.     Tellabs' cause of action arises under the Federal Copyright Act, 17 U.S.C. §§ 101 *et seq*. (the "Copyright Act"). Accordingly, this Court has exclusive subject matter jurisdiction over this case under 28 U.S.C. §§ 1331 and 1338.

5.     This Court has personal jurisdiction over Acuative. Acuative has continuous and systematic business contacts with the State of Texas. Acuative conducts its business in the State of Texas and within this district including at its Research and Development facility at 2830 Market Loop, Suite 104, Southlake, TX 76092. Additionally, on information and belief, shipments related to Acuative's copyright infringement have been directed through Acuative's facility at 2830 Market Loop, Suite 104, Southlake, TX 76092. Jurisdiction over Acuative is also proper inasmuch as Acuative has voluntarily submitted itself to the jurisdiction of the courts by registering with the Texas Secretary of State's Office to do business in the State of Texas and by appointing a registered agent at 2830 Market Loop, Suite 104, Southlake, TX 76092.

6.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400(a) because Acuative and its agents reside and may be found in this district.

**FACTUAL BACKGROUND**

A.     **Tellabs' Products and Services**

7.     Tellabs is a supplier of technology that transforms the way the world communicates. Tellabs develops and provides broadband digital loop carrier access network equipment that its Telco customers continue to deploy to operate and manage their networks, such as Tellabs' 1100 Multiservice Access Platform (MSAP) products. Tellabs' MSAP products include Tellabs' Element Management System product family. The Element Management System products include hardware and software that are used to provision and administer other Tellabs network equipment. Tellabs' Element Management System software includes, among other

things, software referred to as Supervisory System, MarcView, and NarrowbandManager.

8. Like many companies that develop software, Tellabs does not sell its customers the ownership rights to its software. Instead, Tellabs' customers obtain licenses that grant them limited rights to use specific Tellabs software, with Tellabs retaining all copyright and other intellectual property rights in these works. Tellabs' software is licensed to its customers for whom the product was manufactured and cannot be copied, transferred, sold or manipulated other than the limited uses permitted in the license to the customer.

9. Tellabs also provides repair and support services for its products, including its Element Management System product family. Tellabs also sells refurbished Tellabs equipment, including for its Element Management System product family.

B.   **Acuative's Infringing Activities**

10. On information and belief, Acuative competes with Tellabs for the sale of refurbished network equipment and support services for Tellabs equipment to Tellabs' customers. Tellabs learned that Acuative has made copies of Tellabs software, including Tellabs' NarrowbandManager software and Supervisory System software, and installed it on new hard drives in refurbished equipment that Acuative provides to Tellabs' customers. Acuative has provided such refurbished Tellabs equipment to at least two of Tellabs' customers. On information and belief, shipments related to the refurbished Tellabs equipment have been directed through Acuative's facility at 2830 Market Loop, Suite 104, Southlake, TX 76092.

11. Acuative does not have any license from Tellabs or authorization to copy or otherwise transfer Tellabs' software. Tellabs' licenses with the two known customers to which Acuative has provided refurbished products do not permit Acuative to copy Tellabs software.

12. Tellabs contacted Acuative's Chief Financial Officer, Patrick Danna, regarding Acuative's unauthorized copying of Tellabs' software on February 13, 2017. During a phone call

on February 15, 2017, Mr. Danna confirmed that Acuative was copying Tellabs' NarrowbandManager Software from original Tellabs equipment to new hard drives in refurbished equipment.  After Tellabs' further emails to Mr. Danna went unanswered, Tellabs sent a formal letter to Acuative's Chief Executive Officer, Vincent Sciarra, on March 7, 2017 requesting that Acuative cease and desist its unauthorized copying of Tellabs software.

13.     Mr. Danna responded to Tellabs' emails on March 8, 2017 asserting that "Acuative does not sell, resell, <u>make copies</u>, transfer ownerships or manipulate Tellabs software." (Emphasis added).  Mr. Sciarra later responded to Tellabs' formal letter on March 14, 2017, purportedly confirming Mr. Dana's March 8 email response but notably omitting Mr. Danna's assertion that Acuative did not "make copies."  Instead, Mr. Sciarra acknowledged that Acuative replaces parts in Tellabs equipment and "has been reloading the customer's fully licensed Tellabs' software without any modifications" "as a convenience to our clients."  Mr. Sciarra further asserted that "Acuative has stopped loading the software."  Mr. Sciarra's only defense for Acuative's copying of Tellabs' software was Acuative's customer's belief that an affirmative defense under the Copyright Act permitted Acuative's copying.  The cited statute is inapplicable to the copying that Acuative has admitted.

14.     Tellabs subsequently sought a meeting with Mr. Sciarra in an attempt to resolve the issues between Tellabs and Acuative.  On October 12, 2017, Tellabs' Chief Financial Officer David Brown and Vice President/General Manager Rich Schroder met with Acuative's Mr. Sciarra in Tellabs' offices in Dallas.  Mr. Sciarra acknowledged Acuative had been copying Tellabs software onto equipment for two of Tellabs' customers, but Mr. Sciarra reiterated that Acuative stopped copying the software following Tellabs' inquiries.  Mr. Sciarra explained that Acuative employees work on the refurbished equipment during their downtime in at least two Acuative

4

facilities, including the location in Southlake, TX.

15.  At the October 12, 2017 meeting, Mr. Sciarra agreed to provide data on the number of units Acuative had refurbished for Tellabs' customers, delineating between those that occurred before and after Acuative contends it stopped copying Tellabs' software. Tellabs followed up with Mr. Sciarra several times requesting the data. Neither Mr. Sciarra nor anyone else from Acuative has responded as of the filing of this Complaint.

## COUNT I: COPYRIGHT INFRINGEMENT

16.  Tellabs incorporates by reference the preceding paragraphs as though fully set forth herein.

17.  Tellabs owns a valid and enforceable copyright in its Element Management System software, including the NarrowbandManager software. Tellabs has registered NarrowbandManager v.3.2.2, with the United States Register of Copyrights, Registration No. TXu 2-054-319.[1]

18.  Tellabs also owns a valid and enforceable copyright in its Supervisory System software. Tellabs has registered Supervisory System 6.0.1, with the United States Register of Copyrights, Registration No. Txu 2-103-032.

19.  Without authorization, Acuative has copied Tellabs copyrighted software, including the NarrowbandManager software and Supervisory System software. As set forth above, Acuative has admitted to copying Tellabs software, specifically including the NarrowbandManager software.

20.  Tellabs is entitled to damages under 17 U.S.C. § 504(b) in an amount to be proven

---

[1] Tellabs reserves the right to amend its Complaint in the event that it obtains additional copyright registrations for software copied by Acuative.

at trial, including Tellabs' actual damages as a result of Acuative's infringement and any profits of Acuative that are attributable to the infringement and are not taken into account in computing the actual damages.

21.     Tellabs is also entitled to injunctive relief pursuant to 17 U.S.C. § 502 and to an order impounding or destroying any and all infringing materials pursuant to 17 U.S.C. § 503. Acuative's infringement of Tellabs' exclusive rights have caused Tellabs irreparable injury. Tellabs' remedies at law are not adequate to compensate it for these injuries.

## DEMAND FOR JURY TRIAL

22.     Tellabs hereby demands a trial by jury for all claims so triable.

## PRAYER FOR RELIEF

WHEREFORE, Tellabs respectfully requests that this Court enter judgment in its favor as follows:

A.  that Acuative has infringed Tellabs' rights in its registered copyrights, in violation of 17 U.S.C. § 501;

B.  awarding Tellabs' actual damages as a result of Acuative's infringement and any profits of Acuative that are attributable to the infringement and are not taken into account in computing the actual damages under 17 U.S.C. § 504(b), including supplemental damages for any continuing post-verdict infringement up until entry of the final judgment;

C.  for a permanent injunction restraining Acuative, its officers, agents, servants, employees, and attorneys, and those in active concert or participation with any of them, from copying or making any other infringing use or infringing distribution of Tellabs copyrighted software;

D.  awarding Tellabs pre-judgment and post-judgment interest to the full extent allowed under the law;

E.  awarding Tellabs its full costs, including under 17 U.S.C. § 505; and

F.  awarding such other relief as the Court may deem appropriate and just under the circumstances.

Dated: October 3, 2018

Respectfully submitted,

/s/*David T. DeZern*
David T. DeZern
Texas Bar No. 24059677
ddezern@grayreed.com
David M. Lisch
Texas Bar No. 24077179
dlisch@grayreed.com
**GRAY REED & MCGRAW, LLP**
1601 Elm Street, Suite 4600
Dallas, Texas 75201
Telephone: (214) 954-4135
Facsimile: (469) 320-6901

**ATTORNEYS FOR PLAINTIFF
TELLABS BROADBAND, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record via the Court's CM/ECF system on October 3, 2018.

/s/ *David T. DeZern*